MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
BENITO HERNANDEZ FERNANDEZ,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff,*

-against-

CITY SANDWHICH NYC, LLC  (D/B/A
CITY SANDWICH), EAT GOOD FEEL
GOOD INC.  (D/B/A CITY SANDWICH),
KARIMA ZIZOUNE , and ADAM DOE ,

*Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Benito Hernandez Fernandez ("Plaintiff Hernandez" or "Mr. Hernandez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against City Sandwhich NYC, LLC (d/b/a City Sandwich), Eat Good Feel Good Inc. (d/b/a City Sandwich), ("Defendant Corporations"), Karima Zizoune and  Adam Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Hernandez is a former employee of Defendants City Sandwhich NYC, LLC (d/b/a City Sandwich), Eat Good Feel Good Inc. (d/b/a City Sandwich), Karima Zizoune, and Adam Doe.

2.    Defendants own, operate, or control a sandwich deli , located at 649 9th Avenue, New York, NY 10036 under the name "City Sandwich."

3.    Upon information and belief, individual Defendants Karima Zizoune and Adam Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Hernandez was employed as a delivery worker at the restaurant located at 649 9th Avenue, New York, NY 10036.

5.    Plaintiff Hernandez was ostensibly employed as a delivery worker. However,  he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing food, working as a cashier, cooking, receiving and stocking shipments and pressure-cleaning the floors, walls, kitchen and basement (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiff Hernandez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Hernandez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Furthermore, Defendants repeatedly failed to pay Plaintiff Hernandez wages on a timely basis.

9.    Defendants employed and accounted for Plaintiff Hernandez as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Hernandez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Hernandez's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Hernandez at the minimum wage rate and enabled them to pay him above the tip-credit rate, but below the minimum wage.

12.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Hernandez's and other tipped employees' tips and made unlawful deductions from Plaintiff Hernandez's and other tipped employees' wages.

13.     Defendants' conduct extended beyond Plaintiff Hernandez to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Hernandez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Hernandez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Hernandez's state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a sandwich deli  located in this district. Further, Plaintiff Hernandez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Benito Hernandez Fernandez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Bronx County, New York.

20.     Plaintiff Hernandez was employed by Defendants at City Sandwhich from approximately 2014 until on or about September 26, 2020.

21.     Plaintiff Hernandez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled a sandwich deli, located at 649 9th Avenue, New York, NY 10036 under the name "City Sandwich."

23.     Upon information and belief, City Sandwhich NYC, LLC (d/b/a City Sandwich) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 649 9th Avenue, New York, NY 10036.

24.     Upon information and belief, Eat Good Feel Good Inc. (d/b/a City Sandwich) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 649 9th Avenue, New York, NY 10036.

25.     Defendant Karima Zizoune is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Karima Zizoune is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Karima Zizoune possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Adam Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Adam Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Adam Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations.

He determines the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

27.     Defendants operate a sandwich deli located in the Hell's Kitchen section of Manhattan.

28.     Individual Defendants, Karima Zizoune and Adam Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Hernandez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Hernandez, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Hernandez (and all similarly situated employees) and are Plaintiff Hernandez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Hernandez and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendant Karima Zizoune operates Defendant Corporations as either alter egos of herself and/or fails to operate Defendant Corporations as entities legally separate and apart from herself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for her own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for her own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of her own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect her own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Hernandez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Hernandez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Hernandez's services.

35.     In each year from 2016 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Hernandez is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

38.     Plaintiff Hernandez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Benito Hernandez Fernandez*

39.     Plaintiff Hernandez was employed by Defendants from approximately 2014 until on or about September 26, 2020.

40.     Defendants ostensibly employed Plaintiff Hernandez as a delivery worker.

41.     However, Plaintiff Hernandez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     Although Plaintiff Hernandez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

46.     From approximately October 2014 until on or about March 15, 2020, Plaintiff Hernandez worked from approximately 8:00 a.m. until on or about 5:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:00 p.m., on Sundays (typically 53 hours per week).

47.     From approximately March 16, 2020 until on or about April 2020, Plaintiff Hernandez worked from approximately 10:00 a.m. until on or about 8:00 p.m., 6 days a week (typically 60 hours per week).

48.     From approximately May 2020 until on or about September 26, 2020, Plaintiff Hernandez worked from approximately 10:00 a.m. until on or about 8:00 p.m., 3 to 4 days a week (typically 30 to 40 hours per week).

49.     From approximately 2014 until on or about December 2016, Defendants paid Plaintiff Hernandez his wages in cash.

50.     From approximately January 2017 until on or about September 26, 2020, Defendants paid Plaintiff Hernandez his wages by check.

51.     From approximately October 2014 until on or about December 2016, Defendants paid Plaintiff Hernandez $8.50 per hour.

52.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Hernandez $11.00 per hour.

53.     From approximately January 2018 until on or about February 2018, Defendants paid Plaintiff Hernandez $12.00 per hour.

54.     From approximately February 2018 until on or about February 2019, Defendants paid Plaintiff Hernandez $13.00 per hour.

55.     From approximately March 2019 until on or about September 26, 2020, Defendants paid Plaintiff Hernandez $13.50 per hour.

56.     For approximately four weeks, Defendants did not pay Plaintiff Hernandez any wages for his work.

57.     Defendants never granted Plaintiff Hernandez any breaks or meal periods of any kind.

58.     Plaintiff Hernandez was never notified by Defendants that his tips were being included as an offset for wages.

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Hernandez's wages.

60.     Defendants withheld a portion of Plaintiff Hernandez's tips; specifically, Defendants obligated Plaintiff Hernandez to share his tips with non-tipped employees.

61.     Although Plaintiff Hernandez was required to keep track of his time, Defendants utilized a time tracking device that did not accurately reflected his actual hours worked.

62.     On a number of occasions, Defendants required Plaintiff Hernandez to sign a document, the contents of which was written in English, which is not his first language.

63.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

64.     Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

65.     In fact, Defendants adjusted Plaintiff Hernandez's paystubs so that they reflected inaccurate wages and hours worked.

66.     Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.     Defendants required Plaintiff Hernandez to purchase "tools of the trade" with his own funds—including bicycles, helmets, bike chains, tires, and general maintenance.

*Defendants' General Employment Practices*

68.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

69.     Plaintiff Hernandez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

70.     Defendants' pay practices resulted in Plaintiff Hernandez not receiving payment for all his hours worked, and resulted in Plaintiff Hernandez's effective rate of pay falling below the required minimum wage rate.

71.     Defendants required Plaintiff Hernandez and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

72.      Plaintiff Hernandez and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

73.     Plaintiff Hernandez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

74.      Plaintiff Hernandez and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

75.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Hernandez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

76.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.     In violation of federal and state law as codified above, Defendants classified Plaintiff Hernandez and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.     Defendants failed to inform Plaintiff Hernandez who received tips that Defendants intended to take a deduction against Plaintiff Hernandez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.     Defendants failed to inform Plaintiff Hernandez who received tips, that his tips were being credited towards the payment of the minimum wage.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Hernandez who worked as a delivery worker for the tips he received. time keeping system did not reflect the actual hours that Plaintiff Hernandez worked.

81.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Hernandez who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

82.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

83.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit or pay them the full hourly minimum wage.

84.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

85.     On a number of occasions, Defendants required Plaintiff Hernandez to sign a document the contents of which he was not allowed to review in detail.

86.     Defendants paid Plaintiff Hernandez his wages in cash and check.

87.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

88.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Hernandez (and similarly situated individuals) worked, and to avoid paying Plaintiff Hernandez properly for his full hours worked.

89.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

90.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Hernandez and other similarly situated former workers.

91.     Defendants failed to provide Plaintiff  Hernandez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

92.     Defendants failed to provide Plaintiff Hernandez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

93.       Plaintiff Hernandez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

94.       At all relevant times, Plaintiff Hernandez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

95.       The claims of Plaintiff Hernandez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

96.       Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

97.       At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Hernandez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

98.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

99.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

100.    Defendants failed to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

101.    Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

102.    Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

103.    Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105.    Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

106.    Plaintiff Hernandez (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

107.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

108.     At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Hernandez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

109.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Hernandez less than the minimum wage.

110.     Defendants' failure to pay Plaintiff Hernandez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

111.     Plaintiff Hernandez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

112.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

113.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Hernandez  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

114.    Defendants' failure to pay Plaintiff Hernandez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiff Hernandez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

116.    Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants failed to provide Plaintiff Hernandez with a written notice, in English and in Spanish (Plaintiff Hernandez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

118.    Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

119.    Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

120.     With each payment of wages, Defendants failed to provide Plaintiff Hernandez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

121.     Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

122.      Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

123.     Defendants required Plaintiff Hernandez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

124.     Plaintiff Hernandez was damaged in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

125.      Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

126.     At all relevant times, Defendants were Plaintiff Hernandez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

127.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

128.     Defendants unlawfully misappropriated a portion of Plaintiff Hernandez's tips that were received from customers.

129.     Defendants knowingly and intentionally retained a portion of Plaintiff Hernandez's tips in violations of the NYLL and supporting Department of Labor Regulations.

130.     Plaintiff Hernandez was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

131.     Plaintiff Hernandez repeats and realleges all paragraphs above as though set forth fully herein.

132.     Defendants did not pay Plaintiff Hernandez on a regular weekly basis, in violation of NYLL §191.

133.     Defendants are liable to Plaintiff Hernandez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hernandez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Hernandez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Hernandez and the FLSA Class members;

(f)     Awarding Plaintiff Hernandez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Hernandez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez;

(j)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Hernandez;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Hernandez's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Hernandez;

(m)    Awarding Plaintiff Hernandez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Hernandez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Hernandez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Hernandez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Hernandez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Hernandez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 5, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

September 28, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Benito Hernandez Hernandez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     28 de Septiembre 2020