# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620
_____

August 9, 2021

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court Judge
United States District Court, SDNY
40 Foley Square, Room 240
New York, NY 10007

Re: _Benito Hernandez Fernandez v. City Sandwich NYC, LLC et al.,_ 2020 cv 8414 (VEC)
    _Case No. 20-cv-8414_

Your Honor:

This office represents the Plaintiff in the above referenced matter.  Plaintiff writes jointly with Defendants to submit this letter setting forth  the reasons that the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions prior to mediation.  A copy of the executed Agreement with executed confessions of judgment (not for filing unless there is a default of the agreement) are attached hereto as "Exhibit A."   We therefore ask the Court to approve the settlement pursuant to _Cheeks v. Freeport Pancake House_, Inc., 796 F.3d 199 (2d Cir. 2015).

Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

Plaintiff alleged he was employed by Defendants as a delivery worker. City Sandwich. Plaintiff also alleged Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay for unpaid minimum and overtime wages.

## I.       The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $10,000 to Plaintiff to settle all his claims including attorney's fees as alleged in the Complaint that concern his employment.  Of the settlement amount, two thirds , or $6,777.00 will go to the Plaintiff, with $3,333.00 to go to Plaintiff's attorneys.

Plaintiff alleges that he is entitled to back wages of approximately $460.74 from Defendants. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $4,542.22.  A copy of Mediator's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." Plaintiff

August 9, 2021
Page 2

understands the central issues are disputed, and that should he continue to litigate his claims, there is no guarantee he would recover what he believes he is owed, which is why a settlement is desirable at this time.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.    Plaintiff's Attorneys' Fees are Fair and Reasonable

The amount of the settlement exceeded the amount Plaintiff would have received had he proceeded to trial. Defendants deny any wrongdoing whatsoever towards Plaintiff at any relevant time. Defendants produced proper weekly ADP wage statements reflecting, including but not limited to: regular wage rate, tips, spread of hours, overtime, sick hours, vacation hours and year to date figures. There was also no dispute that Plaintiff was timely paid on the designated work day each week. There was also no dispute as to the hours Plaintiff worked. Defendants took over the business since on or about 2016 from a third party owner and Defendants did not agree to assume any successor liability from the previous owner. Defendants' business permanently shut down on or about September 2020. The subject business was another business casualty of the COVID 19 pandemic. Defendants' business primarily (approximately 90% of the business) relied on corporate office catering which is why work for Defendants' delivery employees were severely diminished during 2020. As the Court may be aware, most corporate offices were closed throughout 2020 due to the COVID 19 pandemic. Even pedestrian traffic was severely reduced due to corporate office closures thereby further devastating walk-in businesses. Moreover, NYC mandated closures or other business hour restrictions at various times. Defendants' obtained a Payroll Protection Program loan on or about May 2020 and remained in operation until on or about September 2020 when the funds were depleted. Defendants had no alternative than to shutter the business. At all relevant times, Defendants paid their employees all regular and tip wages, spread of hours and overtime wages if any with the PPP loan funds. The individual Defendants too, suffered harsh economic consequences and had to obtain unemployment and seek rental payment assistance. Documents relating to PPP, unemployment and rental assistance were provided to Plaintiff's counsel. Based on these severe financial circumstances, Defendants agreed to pay the settlement amount inclusive of attorneys' fees over a ten (10) month installment payment period.

{00993150.DOCX.1}

August 9, 2021
Page 3

Defendants were fully aware that the settlement amount exceeded actual damages. However, Defendants were similarly aware that proceeding with costly litigation would be even more of a financial burden than to settle without further litigation and without admitting any liability whatsoever. Defendants were also empathetic towards Plaintiff during these severe economic times and preferred to provide Plaintiff with a settlement amount rather than spend that amount and more towards litigation. Accordingly, Defendants respectfully request that the Court approve this settlement.

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $3,333.00 from the settlement fund as attorneys' fees and costs. This represents thirty-three percent of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreements, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. See *Pinzon v. Jony Food Corp.*, No. 18-cv-00105 (RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result.") (quoting *Hyun v. Ippudo USA Holdings et al*., No. 14-cv-08706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co*., No. 11-cv-07961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15-cv-01324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the Agreement.

Given Plaintiff's counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going

{00993150.DOCX.1}

August 9, 2021
Page 4

negotiations. A brief biography of each attorney who performed billed work outlined in the Billing Record attached as "Exhibit C" and their rates in this matter is as follows:

i.      Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. Michael Faillace reflected in Exhibit C as "MF" is billed at a rate of $450 per hour. From 1983 to 2000, Mr. Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM).  He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law.  He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

ii.      Gennadiy Naydenskiy is a Litigation Associate of Michael Faillace & Associates P.C. and has been a member of the firm since August 2018. Gennadiy Naydenskiy reflected in Exhibit C as "GN" is billed at a rate of $350 per hour. Prior to joining Michael Faillace and Associates, P.C, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions.

iii.      Khalil Huey is a Litigation Associate of Michael Faillace & Associates P.C and has been a member of the firm since June 2021. Khalil Huey reflected in Exhibit C as "KH" is billed at a rate of $375 per hour. Prior to joining Michael Faillace and Associates P.C, Khalil Huey was of counsel for the Chandler Law Firm PLLC and an associate for the same firm that focused on labor and employment law for individuals and as labor counsel for several school districts, and large public employee unions in the State of New York.

iv.      Paralegal time reflected in Exhibit C as "PL" is billed at $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Khalil Huey
Khalil Huey Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

{00993150.DOCX.1}

August 9, 2021
Page 5

Enclosures

Cc Susan Ghim (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

BENITO HERNANDEZ FERNANDEZ,
*individually and on behalf of others similarly
situation*

　　　　　　　　　　　*Plaintiffs,*

　　　　v.

CITY SANDWICH NYC, LLC

(D/B/A CITY SANWICH), EAT

GOOD FEEL GOOD INC. (D/B/A

CITY SANDWICH), KARIMA

ZIZOUNE, and ADAM DOE,

　　　　　　　　　　*Defendants.*

----------------------------------------------------------X

SETTLEMENT AGREEMENT

Index No. 20-cv-8414-(VEC)

## NEGOTIATED SETTLEMENT AGREEMENT

　　　　WHEREAS, the Plaintiff BENITO HERNANDEZ FERNANDEZ ("Plaintiff"), and CITY SANDWICH NYC, LLC D/B/A CITY SANDWICH ("City Sandwich"), EAT GOOD FEEL GOOD INC. D/B/A CITY SANDWICH ("City Sandwich"), KARIMA ZIZOUNE ("Zizoune") and ADAM ELFFASSI aka ADAM DOE ("Elfassi") (collectively, "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiff had made in or by Complaint ("Complaint") in the above-captioned action pending in U.S. District Court for the Southern District of New York, Index No 20-cv-8414-(VEC) (the "Lawsuit"), without further litigation or adjudication;

　　　　WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of liability and/or wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings in the instant Lawsuit and any other matter or thing whatsoever;

WHEREAS, a dispute exists as to Plaintiff's claims for the relevant years on or about 2015 to 2020 for alleged unpaid minimum wages, overtime, spread of hours and tips;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of civil liability, guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiffs alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the instant Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by respective counsel for Plaintiffs and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

*Definition of Parties.*

"Releasors" shall be defined to include the Plaintiff in this Lawsuit for himself and on behalf of any of their respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel, in their respective capacities as such; and,

"Releasees" shall be defined to include Defendants herein and their agents, current and former employees, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel and any and all other affiliates of any such entity, and any and all otherwise related persons or entities, in their respective capacities as such who Plaintiffs claim or may claim employed them within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during their employment with City Sandwich.

1.    Plaintiff's Commitments.  In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees as follows:

(a)    Plaintiff will execute this Agreement, and he authorizes his attorneys to execute the Stipulation and Order of Dismissal With Prejudice attached hereto as Exhibit A;

     (b)     After consultation with counsel, each Plaintiff knowingly and voluntarily releases and forever discharges Defendants and all other Releasees of and from any and all claims of any kind whatsoever arising under the Fair Labor Standards Act, the New York Labor Law, or any other right to wages, known or unknown, that he has or may have based upon any conduct occurring up to and including the date Plaintiff executes this Agreement;

     (c)     Plaintiff understands and agrees that the Settlement Amount (described in Paragraph "3" below) is in full satisfaction, of any and all obligations Defendants or Releasees may have with respect to each of Plaintiff's claims for alleged unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid spread of hours pay, unpaid tipped wages,  failure to provide any wage and hour statements, discrimination, retaliation, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date each Plaintiff executes this Agreement (collectively referred to as "Wage Claims");

     (d)     Plaintiff releases, waives, acquits and forever discharges Defendants individually, jointly and severally, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, representatives, and attorneys, in their respective capacities as such ("Released Parties"), from the beginning of time to the fully executed date of this Agreement, from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which Plaintiffs may have or claim to have against any of the Released Parties regarding any state, local and/or federal law matter in connection with his pay, his rate(s) of pay, overtime pay, minimum wage violations, spread of hours, Wage Theft Prevention Act violations, recordkeeping violations, discrimination, and/or any state, local and/or federal law claims of retaliation for having brought or raised any of the foregoing claims and any other claims or allegations made in the Action, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

**2.**    Defendants' Commitments.   In exchange for the promises made herein by each Plaintiff contained in Paragraph "2" above, and in all other provisions of this Agreement, Defendants agree as follows:

(a)    Defendants agree to provide to Plaintiff, through his counsel, the total settlement sum of Ten Thousand Dollars ($10,000) *inclusive of attorney's fees and costs* ("the Settlement Amount") in consideration for and in full satisfaction of all employment and wage and hour related Claims Plaintiff had or may have against Defendants or any other Releasee, whether known or unknown from the beginning of time, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement.

(b)    From the Settlement Amount of $10,000 inclusive of attorney's fees and costs, Plaintiff's counsel, Michael Faillace & Associates PC, will be paid $3,333 as payment for attorneys' fees and costs.

(c)    Defendants are to submit all postdated checks 30 days after approval by the Court. Failure to do so will be considered a breach of this Agreement.

(d)    The Settlement Amount shall be paid over ten (10) equal monthly installments as detailed below, with the first installment payable within thirty (30) days after the presiding court has approved the dismissal of the Lawsuit with prejudice, as follows:

(i)    Installment One:

(1)  Two postdated checks in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within thirty (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. The 2nd Check made payable to "Michael Faillace and Associates, PC" for immediate deposit within thirty (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.

(ii)    Installment Two:

4

(2) <u>Two postdated checks</u> in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. The 2nd Check made payable to "Michael Faillace and Associates PC" for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

(iii)    Installment Three:

(3) <u>Two postdated checks</u> in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within ninety (90) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. The 2nd Check made payable to "Michael Faillace and Associates, PC" for immediate deposit within ninety (90) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.

(iv)    Installment Four:

(4) <u>Two postdated checks</u> in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within twenty (120) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. The 2nd Check made payable to "Michael Faillace and Associates, PC" for immediate deposit within one hundred and twenty (120) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.

(v)    Installment Five:

(5) <u>Two postdated checks</u> in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within one hundred and fifty (150) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. The 2nd Check made payable to "Michael Faillace and Associates, PC" for

immediate deposit within one hundred and fifty (150) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.

        (vi)    Installment Six:

(6) <u>Two postdated checks</u> in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within one hundred and eighty (180) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. The 2nd Check made payable to "Michael Faillace and Associates, PC" for immediate deposit within one hundred and eighty (180) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.

        (vii)    Installment Seven:

(7) <u>Two postdated checks</u> in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within two hundred and ten (210) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. The 2nd Check made payable to "Michael Faillace and Associates, PC" for immediate deposit within two hundred and ten (210) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.

        (viii)    Installment Eight:

(8) <u>Two postdated checks</u> in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within two hundred and forty (240) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel. The 2nd Check made payable to "Michael Faillace and Associates, PC" for immediate deposit within two hundred and forty (240) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.

        (ix)    Installment Nine:

(9) <u>Two postdated checks</u> in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within two hundred and eighty (280) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.  The 2nd Check made payable to "Michael Faillace and Associates, PC" for immediate deposit within two hundred and eighty (280) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.

(x)    Final Installment Ten:

(8) <u>Two postdated checks</u> in the amount of six hundred and sixty-seven dollars and no cents ($667.00) and three hundred and thirty-three dollars and no cents ($333.00) respectively. The first check made payable to "Benito Hernandez Fernandez" for immediate deposit within three hundred ten (310) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.  The 2nd Check made payable to "Michael Faillace and Associates, PC" for immediate deposit within three hundred ten (310) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff's counsel.

(e) Concurrently with the execution of this Agreement, named Defendants shall execute and deliver to Plaintiff's counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibits B to D.  The Parties hereby acknowledge and agree that the Confession of Judgments will be held in escrow by Plaintiff's attorney and <u>will not be entered and/or filed at any time other than</u> (i) in the event that Defendants fails to make any of the installment payments as set forth above, and (ii) Defendants fails to cure such default within ten (ten) business days of receipt of written notice (to be delivered to Defendants by first class mail and email via their counsel, Susan Ghim, Nisar Law Group, P.C.,  60 East 42nd Street, Suite 4600, New York, NY 10165. Email: SGHIM@NISARLAW.COM.  Any such Notice of Default shall be deemed received five (5) days after it is mailed.

**3.**    <u>Non-Admission of Wrongdoing</u>.  Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose whatsoever as an admission of any liability, wrongdoing, or unlawful conduct of any kind by Defendants.

**4.**     Payment Terms: Allocation of Payments to Plaintiff. Form 1099s will be issued to Plaintiff Benito Hernandez Fernandez and Plaintiff's attorney: Michael Faillace & Associates PC as attorney for Benito Hernandez Fernandez.

**5.**     Interest. Notwithstanding anything to the contrary within this Agreement, unless the Settlement Amount is paid no later than the due dates set forth in Section 2 any due and unpaid portions of the Settlement Amount stated in this Agreement shall increase at a 9% annualized simple interest, applied on a monthly pro rata basis, commencing thirty (30) days after the Settlement Payment Due Date and accruing on the last day of every month thereafter until complete payment is made per the terms of the Agreement.

**6.**     Plaintiffs' Responsibility for Taxes. Each Plaintiff assumes full responsibility for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by him or her under any federal, state, or municipal laws of any kind, with respect to the monies paid by the Defendants to that Plaintiff and/or Plaintiffs' Counsel pursuant to this Agreement. Although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff or Plaintiffs' Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiffs agree to indemnify and to hold the Defendants harmless for any such liability, interest, and/or penalties.

**7.**     Release by Plaintiffs. For and in consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, each Plaintiff, on behalf of him/herself and his/her beneficiaries, successors, assigns, and any other entity or individual who may make any claim by or through each Plaintiff, with respect solely and only to

8

conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges the Defendants, the Defendants' direct and indirect parents, subsidiaries, affiliates, predecessors, successors, assigns, and related entities, and each of their and Defendants' respective officers, directors, employees, shareholders, members, trustees, partners, managers, insurers, agents, representatives, and attorneys (collectively with the Defendants, the "Releasees") from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, liquidated damages, penalties, interest, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against the Releasees, arising out of, by reason of, or relating in any way whatsoever to any claims, through the last date this Agreement is executed by Plaintiffs, for or relating to unpaid wages, overtime, tips, tip credits, gratuities, charges purporting to be gratuities, sick leave pay, vacation pay, paid time off, severance pay, expense reimbursements, other compensation, tools of the trade, meal credits, meal breaks, uniform maintenance pay, wage deductions, and/or service or related charges; any claims for spread of hours pay; any claims under the Fair Labor Standards Act; any claims under the New York Labor Law; any claims under the New York Wage Theft Prevention Act; any claims under the New York State Minimum Wage Order for the Hospitality Industry, 12 N.Y.C.R.R. § 146-1, et seq.; any claims under the New York State Minimum Wage Order for Miscellaneous Industries and Occupations 12 N.Y.C.R.R. § 142-1, et seq.; and/or any other wage-and-hour or other compensation claims under federal, state, or local law. For clarity, the release in this Section 6 also explicitly includes and irrevocably waives any claims or awards for interest, attorneys' fees, costs, disbursements, or other expenses and/or interest arising out of or relating to the Settlement Action and Original Action and/or the claims referenced in this Section 6.

**8.**     If any portion of this Agreement is deemed unenforceable by a Court of competent jurisdiction or by operation of law, and such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

**9.**     Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.  A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

**10.**     Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.  Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question. Any action or proceeding by either of the parties to enforce this Agreement shall be brought in any court located in New York County, NY. The parties hereby irrevocably submit to the non-exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

**11.**     Advice of Counsel.  Plaintiff Benito Hernandez Fernandez acknowledges that he has had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of his choosing.  Plaintiff and Defendants hereby represent that they have consulted their respective attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

**12.**     Voluntary Agreement.  Plaintiff and Defendants agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

**13.**     Execution.

(a)     The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants.  Plaintiff fully understands that this Agreement generally releases, settles, bars, and waives any and all Employment Claims that he possibly could

10

have against Releasees including but not limited to claims before the New York State Department of Labor and the United States Department of Labor. Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys.

(b)     Upon the complete execution of this Agreement, Plaintiff's counsel and Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c)     Plaintiff fully understands the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL KHALIL HUEY, ESQ., PLAINTIFF ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

BY PLAINTIFF:



BENITO HERNANDEZ FERNANDEZ

07/20/202r
Date

FOR DEFENDANTS

CITY SANDWICH NYC, LLC d/b/a
CITY SANDWICH

By: ADAM ELFASSI, President

11

_____
Date

EAT GOOD FEEL GOOD, INC d/b/a
CIY SANDWICH

_____
By: ADAM ELFASSI, President

July 2, 2021
_____
Date

_____
KARIMA ZIZOUNE

July 3, 2021
_____
Date

ADAM ELFASSI aka ADAM DOE

_____
Date

12

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

BENITO HERNANDEZ FERNANDEZ,
*individually and on behalf of others similarly situation*

                *Plaintiffs,*

     v.

CITY SANDWICH NYC, LLC
(D/B/A CITY SANWICH), EAT
GOOD FEEL GOOD INC. (D/B/A
CITY SANDWICH), KARIMA
ZIZOUNE, and ADAM DOE,

                *Defendants.*

**STIPULATION AND ORDER
OF DISMISSAL**

Index No. 20-cv-8414-(VEC)

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

      IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Benito Hernandez Fernandez and Defendants City Sandwich NYC LLC dba City Sandwich, Eat Good Feel Good Inc. dba City Sandwich, Karima Zizoune and Adam Elfassi aka Adam Doe through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiff against Defendants in this action, including but not limited to claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and New York State Labor Law, and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss the instant action with prejudice by Plaintiffs. The terms of the Parties' Negotiated Settlement Agreement have been reviewed and approved by the Court. No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

*Attorneys for Plaintiff Fernandez*

MICHALE FAILLACE & ASSOCS. PC

60 East 42nd Street Suite 4510
New York, NY 10165

By: _Khalil Huey_____

Dated: _8/9/21_____

*Attorneys for , City Sandwich NYC, LLC,*
*Eat Good Feel Good Inc., Karima Zizoune*
*and Adam Elfassi aka Adam Doe*

Susan Ghim, Of Counsel
Nisar Law Group, P.C.
60 East 42nd Street, Suite 4600
New York, NY 10165

By: _Susan Ghim_____
        Susan Ghim, Of Counsel

Dated: _7/6/2021_____

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2021

_____
United States District Judge

2

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

– – – – – – – – – – – – – – – – – – – – – – – – – – – – x

BENITO HERNANDEZ FERNANDEZ,                    :    Index No.
individually and on behalf of others similarly :
situation                                      :    **AFFIDAVIT OF**
                                               :    **CONFESSION OF JUDGMENT**
Plaintiffs,                                    :
                        v.                     :
                                               :
CITY SANDWICH NYC, LLC (D/B/A CITY             :
SANWICH), EAT GOOD FEEL GOOD INC.              :
(D/B/A CITY SANDWICH), KARIMA ZIZOUNE,:
and ADAM DOE,                                  :
                                               :
Defendants,                                    :

– – – – – – – – – – – – – – – – – – – – – – – – – – x


STATE OF NEW YORK        )
                         : ss.:
COUNTY OF  NEW YORK      )

     1.      I reside in New York County, New York.

     2.      I, ADAM ELFASSI aka ADAM DOE, am the President of CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH), I am duly authorized to make this affidavit of confession of judgment on behalf of CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH) and Karima Zizoune.

     3.      CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH) maintains its principal place of business in New York County at 649 9th Avenue, New York, NY 10036.

     4.      Pursuant to the terms of the Settlement Agreement and Release by and between BENITO HERNANDEZ FERNANDEZ on the one hand, and CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH), KARIMA ZIZOUNE, and ADAM DOE (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH) in favor of Plaintiff for the sum of Ten Thousand Dollars and No Cents ($10,000.00), less any payments made under the Settlement Agreement.

5.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $10,000.00, Plaintiff.  The amount of this affidavit of confession of judgment represents the settlement amount in the event of default of $10,000.00 plus liquidated damages of $5,000 for a total of $15,000.

6.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $15,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH).

CITY SANDWICH NYC, LLC
(D/B/A CITY SANWICH), EAT
GOOD FEEL GOOD INC. (D/B/A
CITY SANDWICH)

By: _____
    Adam Elfassi
    Title: President

STATE OF NEW YORK)
                                    : ss.:
COUNTY OF              )

On _3ʳᵈ July_, 2021, before me personally came _Adam Elfassi_, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH). The party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH) and was authorized to do so.

_____
    Notary Public

MEHNAZ NOREEN
Notary Public, State of New York
No. 01NO6310104
Qualified in Queens County
Commission Expires Aug. 18 2022

EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
– – – – – – – – – – – – – – – – – – – – – – – – – – – – x
BENITO HERNANDEZ FERNANDEZ,                                   :
individually and on behalf of others similarly               :
situation                                                    :
                                                             :
Plaintiffs,                                                  :
                        v.                                   :
                                                             :
CITY SANDWICH NYC, LLC (D/B/A CITY                            :
SANWICH), EAT GOOD FEEL GOOD INC.                            :
(D/B/A CITY SANDWICH), KARIMA ZIZOUNE, :
and ADAM DOE,                                                :
                                                             :
Defendants,                                                  :
– – – – – – – – – – – – – – – – – – – – – – – – – – – –  x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

1.      I reside in New York County, New York.

2.      Pursuant to the terms of the Settlement Agreement and Release by and between BENITO HERNANDEZ FERNANDEZ on the one hand, and CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH), KARIMA ZIZOUNE, and ADAM DOE, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me and in favor of Plaintiff for the sum of Ten Thousand Dollars and No Cents ($10,000.00), less any payments made under the Settlement Agreement.

3.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $10,000.00, Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount in the event of default of $10,000.00 plus liquidated damages of $5,000 for a total of $15,000.

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the

7

Supreme Court of the State of New York as a judgment for $15,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, ADAM ELFASSI aka ADAM DOE.

ADAM ELFASSI aka ADAM DOE

Sworn to before me this
__3__ day of __July__ 2021

Notary Public

MEHNAZ NOREEN
Notary Public, State of New York
No. 01NO6310104
Qualified in Queens County
Commission Expires Aug. 18 2022

EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
- - - - - - - - - - - - - - - - - - - - - - - - - x
BENITO HERNANDEZ FERNANDEZ,                        :
individually and on behalf of others similarly     :
situation                                          :        Index No.:
                                                   :
Plaintiffs,                                        :
          v.                                       :        **AFFIDAVIT OF CONFESSION OF**
                                                   :        **JUDGMENT**
CITY SANDWICH NYC, LLC (D/B/A CITY                 :
SANWICH), EAT GOOD FEEL GOOD INC.                  :
(D/B/A CITY SANDWICH), KARIMA ZIZOUNE,:
and ADAM DOE,                                      :
                                                   :
Defendants,                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF  NEW YORK        )

      1.     I reside in New York County, New York.

      2.     Pursuant to the terms of the Settlement Agreement and Release by and between BENITO HERNANDEZ FERNANDEZ on the one hand, and CITY SANDWICH NYC, LLC (D/B/A CITY SANWICH), EAT GOOD FEEL GOOD INC. (D/B/A CITY SANDWICH), KARIMA ZIZOUNE, and ADAM DOE, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me and in favor of Plaintiff for the sum of Ten Thousand Dollars and No Cents ($10,000.00), less any payments made under the Settlement Agreement.

      3.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $10,000.00, Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount in the event of default of $10,000.00 plus liquidated damages of $5,000 for a total of $15,000.

      4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the

Supreme Court of the State of New York as a judgment for $15,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, KARIMA ZIZOUNE.


KARIMA ZIZOUNE

Sworn to before me this
3rd day of July 2021


Notary Public

MEHNAZ NOREEN
Notary Public, State of New York
No. 01NO6310104
Qualified in Queens County
Commission Expires Aug. 18 2022

11

# EXHIBIT B

**CONFIDENTIAL MEDIATION DOCUMENT - SUBJECT TO CORRECTION AND NOT TO BE CITED OR REFE**

| 2020 | | | | Required Rate | | Hourly Underpayment |
|---|---|---|---|---|---|---|
| | | | | small employer | large employer | small employer |
| Regular Hours | 870.94 | $12,690.33 | $14.57 | $15.00 | $15.00 | $0.43 |
| OT hours | 29.05 | $588.28 | $20.25 | $22.50 | $22.50 | $2.25 |
| SOH | 0 | $0 | | | | |
| Sick | 0 | $0 | | | | |
| Bonus | | $0 | | | | |
| Tips | | $4,006.36 | | | | |
| Net Pay NT | | $2,000 | | | | |
| Total Income | | $19,284.97 | | | | |

| 2019 | | | | Required Rate | | |
|---|---|---|---|---|---|---|
| | | | | small employer | large employer | |
| Regular Hours | 1834.11 | $24,738.86 | $13.49 | $13.50 | $15.00 | $0.01 |
| OT hours | 346.38 | $7,014.25 | $20.25 | $20.25 | $22.50 | $0.00 |
| SOH | 35 | $472.50 | $13.50 | $13.50 | $15.00 | $0.00 |
| Sick | 0 | $0 | | | | |
| Bonus | | $0 | | | | |
| Tips | | $21,466.89 | | | | |
| Net Pay NT | | $0 | | | | |
| Total Income | | $53,692.50 | | | | |

| 2018 | | | | Required Rate | | |
|---|---|---|---|---|---|---|
| | | | | small employer | large employer | |
| Regular Hours | 2,022.43 | $25,914.06 | $12.81 | $12.00 | $13.00 | $0.00 |
| OT hours | 365.42 | $7,046.71 | $19.28 | $18.00 | $19.50 | $0.00 |
| SOH | 16 | $206 | $12.88 | $12.00 | $13.00 | $0.00 |
| Sick | 40 | $480 | $12.00 | $12.00 | $13.00 | $0.00 |
| Bonus | | $20 | | | | |
| Tips | | $18,536.29 | | | | |
| Net Pay NT | | $85.19 | | | | |
| Total Income | | $52,288.25 | | | | Underpayment |

|  |  |  |  | Required Rate |  |  |
|---|---|---|---|---|---|---|
| 2017 |  |  |  | small employer | large employer |  |
| Regular Hours | 2,063.95 | $22,970.88 | $11.13 | $10.50 | $11.00 | $0.00 |
| OT hours | 385.3 | $6,407.39 | $16.63 | $15.75 | $16.50 | $0.00 |
| SOH | 16 | $188 | $11.75 | $10.50 | $11.00 | $0.00 |
| Sick | 40 | $480 | $12.00 | $10.50 | $11.00 | $0.00 |
| Bonus |  | $20 |  |  |  |  |
| Tips |  | $16,906.76 |  |  |  |  |
| cash tips |  | $1,408 |  |  |  |  |
| Net Pay NT |  | $529 |  |  |  |  |
| Misc reimbursement |  | $332.16 |  |  |  |  |
| total income |  | $48,910.03 |  |  |  |  |
|  |  |  |  |  |  |  |
| ADP paid total |  | $47,502.03 |  |  |  |  |

| 2016 |  |  |  | Required Rate |  |
|---|---|---|---|---|---|
| Reg Hours |  |  |  | small employer | large employer |
| 1st Qtr | 549.29 | $4,943.61 | $9.00 | $9.00 | $9.00 |
| Last 3 Qtrs | 1510.31 | $13,592.79 | $9.00 | $9.00 | $9.00 |
| OT |  |  |  |  |  |
| 1st Qtr | 124.36 | $1,678.88 | $13.50 | $13.50 | $13.50 |
| Last 3 Qtrs | 437.87 | $5,911.32 | $13.50 | $13.50 | $13.50 |
| SOH |  |  |  |  |  |
| 1st Qtr | 9 | $81.00 | $9.00 | $9.00 | $9.00 |
| Last 3 Qtrs | 14 | $126.00 | $9.00 | $9.00 | $9.00 |
| Sick | 40 | $360 | $9.00 | $9.00 | $9.00 |
| Cash Tips |  | $16,679.25 |  |  |  |
|  |  |  |  |  |  |
| Total income |  | $43,372.85 |  |  |  |
|  |  |  |  |  |  |
| ADP paid total |  | $26,693.60 |  |  |  |

**RRED TO OUTSIDE THE MEDIATION**

| Hourly Underpayment large employer | Total Underpayment small employer | Total Underpayment small employer |
|---:|---:|---:|
| $0.43 | $373.77 | $373.77 |
| $2.25 | $65.35 | $65.35 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| $1.51 | $21.62 | $2,772.79 |
| $2.25 | $0.00 | $779.30 |
| $1.50 | $0.00 | $52.50 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| $0.19 | $0.00 | $377.53 |
| $0.22 | $0.00 | $78.98 |
| $0.13 | $0.00 | $2.00 |
| $1.00 | $0.00 | $40.00 |
| | | |
| | | |
| | | |
| | $460.74 | $4,542.22 |

| | | |
|---|---|---|
| | | |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

# EXHIBIT C

### Michael Faillace & Associates, P.C.
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Benito Hernandez Fernandez                                          August 9, 2021

|  |  | File #: | CitySandwic2 |
|---|---|---|---|
| **Attention:** |  | Inv #: | Sample |

**RE:**      Hernandez Fernandez et al v. City Sandwich NYC, LLC

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Sep-10-20 | Interviewed new client and determined wage and hour caseI | 0.90 | 405.00 | MF |
| Sep-25-20 | New client intake | 2.00 | 250.00 | PL |
| Oct-02-20 | Discussed case with paralegal | 0.10 | 45.00 | MF |
|  | Reviewing documents and photos from the client | 0.50 | 62.50 | PL |
| Oct-05-20 | reviewed and corrected the complaint;  sent complaint to JH with directions as to the next steps we need to take in the litigation | 1.50 | 675.00 | MF |
|  | Drafting complaint; researching corps; call with client to clear up facts | 1.50 | 187.50 | PL |
| Oct-08-20 | Reviewed complaint filed by  plaintiffs;  directed staff to  respond to motion and update case chart ; filed notice  in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | review docket, email pl to file noa | 0.10 | 35.00 | GN |
|  | Preparing documents for filing; Filing complaint | 1.00 | 125.00 | PL |

| | | | | |
|---|---|---|---|---|
| Oct-09-20 | reviewed court notice of correctgion the court had to make to one of our filed documents;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.40 | 180.00 | MF |
| | Reviewed court notice of correction the court had to make to one of our filed documents;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | Reviewed court notices of appointment of judge and magistrate;  directed staff to update case chart ;  filed notices in the proper folder for future reference | 0.40 | 180.00 | MF |
| Oct-13-20 | reviewed court notice of appearance of plaintiff's counsel ;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | Reviewed and docketed court notice in preparation for litigation | 0.10 | 12.50 | PL |
| Oct-15-20 | review ecf bounces | 0.10 | 35.00 | GN |
| Dec-30-20 | drafted summonses and sent it for service, also input filing fee in billing sheet | 0.70 | 87.50 | PL |
| Dec-31-20 | servico confirmed they received my serving instructions | 0.10 | 12.50 | PL |
| Jan-04-21 | downloaded and saved the AOS's, reviewed them and emailed GN that they need to be corrected | 0.30 | 37.50 | PL |
| Jan-05-21 | emailed Servico to aamend the AOS's | 0.20 | 25.00 | PL |
| Jan-11-21 | reviewed servicos email | 0.10 | 12.50 | PL |
| Jan-12-21 | drafted damages chart texted GN | 0.60 | 75.00 | PL |
| Jan-14-21 | Reviewed affidavits of service filed in court ;  directed staff to update case chart ;  filed affidavits in the proper folder for future reference | 0.30 | 135.00 | MF |
| | filed AOS's for corps and input costs into PC BILL | 0.30 | 37.50 | PL |

|  |  |  |  |  |
|---|---|---|---|---|
|  | emaied DGR for a skip trace search on the individual defendant | 0.20 | 25.00 | PL |
| Jan-15-21 | discussed facts of the case with the defendant; directed staff to update case chart ; filed notice in the proper folder for future reference | 0.20 | 0.00 | MF |
| Jan-21-21 | discussed case with GN and emailed GN | 0.50 | 62.50 | PL |
| Jan-22-21 | reviewed affidavits of service filed in court ; directed staff to update case chart ; filed affidavits in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | filed AOS for Karima Defendant | 0.20 | 25.00 | PL |
| Mar-04-21 | reviewed court notice of appearance of defendants' counsel ; directed staff to update case chart | 0.30 | 135.00 | MF |
|  | reviewed defendants motion for extension of time to file answer; directed staff to update case chart | 0.30 | 135.00 | MF |
|  | reviewed court order responding to defendants motion for extension of time to file answer by sending the parties to mediation and requiring defendats to answer 30 days after the mediation, if it is unsuccessful; directed staff to update case chart | 0.30 | 135.00 | MF |
| Mar-15-21 | reviewed court order referring case to mediation; directed staff to  update case chart | 0.30 | 135.00 | MF |
| Mar-31-21 | reviewed court order and mediation office's email informing of assignment of mediator and setting date for submission of mediation schedule ; directed staff to update case chart | 0.30 | 135.00 | MF |
| Apr-05-21 | telephone call w/ opposing counsel re: documents and mediation | 0.20 | 70.00 | GN |
|  | called clietn askign when can we call him re: mediaiton confidentiality form | 0.10 | 12.50 | PL |
| Apr-06-21 | tried calling the client but he didn't pick up | 0.10 | 12.50 | PL |
| Apr-07-21 | translated confidentiality mediation agreement to benito and then sent it to him through whats app for him to sign | 0.40 | 50.00 | PL |

| | | | | |
|---|---|---|---|---|
| Apr-19-21 | called plaintiff and confirmed 5/11 availability and started downloading the docs into the case file | 1.00 | 125.00 | PL |
| Apr-20-21 | reviewed court notice informing parties of the date for the mediation conference by a specific date; directed staff to  update case chart | 0.30 | 135.00 | MF |
| Apr-21-21 | calendared mediation conference for 5/11 at 2PM, called plaintiff to ensure he is aware | 0.10 | 12.50 | PL |
| May-11-21 | talked with plaintiff and translated for GN re: settlement | 0.20 | 25.00 | PL |
| May-13-21 | calendared with reminders | 0.30 | 37.50 | PL |
| Jun-28-21 | discussed status of case with defense cousel via email | 0.50 | 187.50 | KH |
| Jun-29-21 | reviewed court notice of appearance of plaintiff's counsel ;  directed staff to update case chart | 0.30 | 135.00 | MF |
| | emailed defense counsel read through the agreement and note the changes | 0.50 | 187.50 | KH |
| Jun-30-21 | emailed defense counsel re: settlement changes | 0.50 | 187.50 | KH |
| Jul-01-21 | discussed case with KH | 0.10 | 45.00 | MF |
| Jul-02-21 | reviewed defense counsels email re: executed confessions of judgment and agreement | 0.50 | 187.50 | KH |
| Jul-06-21 | reviewed defense counsels email re: settlement | 0.50 | 187.50 | KH |
| Jul-08-21 | drafted joint letter for court | 1.00 | 375.00 | KH |
| | I called the client twice but  no answer, left a voicemail. Called the clients emergency contact and she said that she will let him know to call us back. She told us he is at work, I also sent himm a text message | 0.20 | 25.00 | PL |
| Jul-10-21 | reviewed court order  directing parties to submit settlement agreement and fairness letter for Cheeks review if they would like case to be dismissed with prejudice; directed staff to update case chart | 0.30 | 135.00 | MF |

| Date | Description | | | |
|------|-------------|---|---|---|
| Jul-14-21 | I called the client and translated the agreement , calendared boucne with reminders | 0.90 | 112.50 | PL |
| Jul-20-21 | emailed defense counsel re: settlement | 0.50 | 187.50 | KH |
| | called clietn and explained that KH told me he can sig n it but it has to be with his right name | 0.10 | 12.50 | PL |
| Jul-26-21 | reviewed final report of mediator; directed staff to update case chart | 0.30 | 135.00 | MF |
| Aug-04-21 | reviewed KH's email outlining the issue he is trying to   resolve tofinalize the settlement;  contacted mediatior and discussed the outstanding issues in the case;  sent email to KH providing him the solution to the problem | 0.50 | 225.00 | MF |
| | emailed MF re: settlement | 0.50 | 187.50 | KH |
| Aug-09-21 | drafted fairness letter | 1.00 | 375.00 | KH |
| | Totals | 25.90 | $7,310.00 | |

**DISBURSEMENTS**

| Date | Description | Amount |
|------|-------------|--------|
| | Filing Fee | 400.00 |
| Dec-31-20 | Process Server - City Sandwhich NYC, LLC | 77.00 |
| | Process Server -  Eat Good Feel Good Inc. | 77.00 |
| Jan-20-21 | Process Server: KARIMA ZIZOUNE | 164.60 |
| | Totals | $718.60 |

| | |
|---|---|
| **Total Fee & Disbursements** | **$8,028.60** |
| **Balance Now Due** | **$8,028.60** |